UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JOHN HARRISON,<br><br>                    Petitioner,<br><br>     v.<br><br>ADAM FORTNEY,<br><br>                    Respondent. | CASE NO. C20-792 RSM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, a pretrial detainee in Snohomish County Jail, seeks federal habeas relief under 28 U.S.C. § 2254[1] from pending criminal charges. Dkt. 6. Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition the petitioner is not entitled to relief. The Court has reviewed the habeas petition, concludes the Court must abstain from granting habeas relief under *Younger v. Harris*, 401 U.S. 37 (1971) and thus recommends the habeas petition be DISMISSED without prejudice. The Court also recommends a certificate of appealability (COA) not be issued.

**DISCUSSION**

The habeas petition indicates petitioner faces pending state criminal charges. Four

---

[1] Petitioner used a standard 28 U.S.C. § 2254 habeas petition form. Because he is not in custody pursuant to "the judgment of a State Court," § 2254(a), but is a pretrial detainee, § 2241(c)(3) applies. *Stow v. Murashige*, 389 F.3d 880, 885 (9th Cir. 2004);

REPORT AND RECOMMENDATION - 1

overlapping grounds for relief are presented:

Ground one avers petitioner is not been allowed a speedy trial and private access to counsel due to COVID-19 and that the bail set is prohibitively high for an indigent person.

Ground two alleges petitioner has been denied private access to counsel because lawyers are hesitant to visit inmates in jail and the AV communications the jail provides is not private.

Ground three alleges petitioner's right to a speedy trial has been violated due to the Washington Supreme Court's order which has postponed state criminal trials.

Ground four alleges inmates are essentially held in solitary confinement at the jail in violation of the prohibition against cruel and unusual punishment.

As relief, petitioner requests the Court order the Snohomish County jail to release him from custody. Dkt. 6.

Because petitioner is a pre-trial detainee facing unresolved and pending state criminal charges the Court must determine whether it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). A federal court must abstain under *Younger* when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Federal courts will not abstain under *Younger* when there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Id*. at 765–66.

The *Younger* abstention doctrine applies to actions seeking federal habeas corpus relief. *See Drury v. Cox*, 457 F.2d 764,764-65 (9th Cir. 1972) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until

REPORT AND RECOMMENDATION - 2

after the jury comes in, judgment has been appealed from and the case concluded in the state courts."). Additionally, absent specifically defined extraordinary circumstances, principles of federalism and comity prohibit a federal district court from entertaining a pre-conviction habeas petition that raises a Speedy Trial claim as an affirmative defense to state prosecution. *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012).

The Court must abstain because the *Younger* factors are met. Petitioner faces an ongoing state criminal prosecution which clearly implicates important state interests; petitioner can raise his constitutional challenges by filing motions in the state courts; and the requested habeas relief would undermine the state courts' determinations regarding petitioner's criminal case. Further there are no extraordinary circumstances that make abstention inappropriate. There is no evidence of bad faith or harassment; rather petitioner's claims are related to the impact the COVID-19 health crises has had on the state court's ability to move forward, counsel's ability to visit petitioner in the county jail, and isolation measures the county jail has taken to contain the spread of COVID-19. The Court accordingly concludes *Younger* abstention is appropriate and recommends the case be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is required for habeas petitions under § 2241 challenging pretrial detention. *Wilson v. Belleque*, 554 F.3d 816, 824 (9th Cir.2009). A prisoner seeking habeas relief may appeal a district court's dismissal of the petition only after obtaining a COA from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds no reasonable jurist would disagree the Court should abstain under *Younger.* The Court should therefore not issue a COA. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed than **July 13, 2020.** The Clerk shall note the matter for **July 17, 2020**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 24th day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge